BYRD MFG. CO. et al. v. COLMAN et al.

(Circuit Court of Appeals, Fourth Circuit. June 12, 1913.)

No. 1,153.

PATENTS (§ 324*)—SUITS FOR INFRINGEMENT—EFFECT OF APPEAL FROM ORDER GRANTING PRELIMINARY INJUNCTION—POWER TO MAKE ADMINISTRATIVE ORDERS.

The allowance of an appeal from an interlocutory order granting a preliminary injunction in an infringement suit does not deprive the trial court of power to entertain a motion by complainant to require an increase of the bond given to secure a suspension of the injunction, pursuant to leave reserved to complainant in the order allowing the appeal, nor to make other orders purely administrative in character.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 600–606; Dec. Dig. § 324.*]

Appeal from the District Court of the United States for the Eastern District of North Carolina, at Raleigh; Henry G. Connor, Judge.

Suit in equity by Howard D. Colman, Luther L. Miller, and Harry A. Severson, partners trading as the Barber-Colman Company, against the Byrd Manufacturing Company, the Harris Machinery Company, Britton E. Byrd, and John H. Harris. Decree for complainants, and defendants appeal. On motion of appellants for a writ of supersedeas. Motion denied.

See, also, 205 Fed. 904.

Charles E. Brock, of Washington, D. C., for appellants.
Lincoln B. Smith, of Chicago, Ill., for appellees.

Before PRITCHARD, Circuit Judge, and WADDILL, District Judge.

PRITCHARD, Circuit Judge. The above-entitled cause, involving the infringement of a patent, was instituted in the District Court of the United States for the Eastern District of North Carolina, on the 31st day of October, 1912, and a decree was entered granting an interlocutory injunction, from which an appeal was taken to this court.

Among other things, it was provided in the order granting the appeal that the appellants should execute bond in the sum of $2,500;

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that the appellants should keep strict account of all sales made subsequent to the entry of the decree and pending the final determination of the case; that a report should be filed with the clerk of the District Court on the first Monday in each month, setting forth the number of machines sold during the previous month; that a deposit of $2 for each machine so sold be made with the clerk of that court, to be held in addition to said certificate of deposit for $2,500. It was also provided in the order that appellees should have leave, upon giving ten days' notice to appellants, to apply to the court for an increase of the security in lieu of the bond or to require an additional bond.

The appellees on the 15th day of May, 1913, made application to the court below, after giving due notice, for an increase of bond, which motion was made returnable on June 9, 1913. The appellants filed a petition for a writ of supersedeas in this court, enjoining the District Court for the Eastern District of North Carolina from proceeding in the execution of an order increasing the amount of the bond required of the defendants below, as a condition to the staying of the injunction, pending the appeal to this court.

It is contended by appellants that the court below is without power to grant the relief sought by the appellees, in that it has no jurisdiction to make any orders in the case pending an appeal to this court. Under the circumstances, the question for us to determine is as to whether the order granting the appeal is such as to enable the court below to enter such orders as are purely administrative in their character. In view of the fact that the court, in its order allowing the appeal, granted leave to the appellees to apply to it from time to time to increase the security in lieu of the bond or require bond, and this being an appeal from a decree granting an interlocutory injunction, we are of the opinion that the order complained of was proper, and that that court under the circumstances of this case has full power to enforce any requirements, as respects the giving of bond or otherwise, that it may deem necessary in order to protect the rights of the appellees. Indeed, we think that in cases of this character it is always best that matters purely administrative in their character should be disposed of by the court wherein the case was tried.

For the reasons stated, the motion is denied.